## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## FRANKFORT DIVISION

| | |
|---|---|
| In re: <br> **New Horizons Health Systems, Inc.** <br> **d/b/a New Horizons Medical Center** <br> **d/b/a New Horizons Family Practice** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 15-30235 (GRS) |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; AND (C) ESTABLISHING CURE AMOUNTS

### NOTICE AND OPPORTUNITY TO OBJECT

Notice is hereby given that this motion shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Second Floor, Lexington, Kentucky, on November 19, 2015, at the hour of 10:00 am (ET), or as soon thereafter as counsel may be heard. Any objections to the foregoing shall be in writing and served on the Debtor and the undersigned counsel.

Comes New Horizons Health Systems, Inc., as debtor and debtor in possession (the "Debtor"), by counsel, and pursuant to 11 U.S.C. §§ 105(a), 363(b), (f), and (m), 365, and 1107, Fed. R. Bankr. P. 2002, 6004, and 6006, KYEB LBR 2002-1(b) and 9014-1(c), and all other applicable law, respectfully requests that the Court enter an Order:  (a) authorizing the Debtor to sell substantially all of its assets free and clear of liens, claims, interests, and encumbrances; (b) authorizing the Debtor to assume and assign certain unexpired leases and executory contracts; (c) establishing related cure amounts; (d) waiving the stay requirements of Fed. R. Bankr. P. 6004(h)

and 6006(d); and (e) setting a hearing on this requested relief (the "Motion").  In support of this

Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.        This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and

1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.        The Debtor maintains its principal place of business in Owen County, Kentucky.

Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. §§

1408 and 1409.

3.        No trustee or examiner has been appointed in this Chapter 11 case.  The Official

Committee of Unsecured Creditors was appointed on July 16, 2015.

## RELEVANT BACKGROUND

### The Debtor's Business

4.        The Debtor commenced this case by the filing of a voluntary petition for relief under

chapter 11 of the Bankruptcy Code on May 29, 2015 (the "Commencement Date").  Pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and

managing its affairs as a debtor in possession.  As of the date hereof, no trustee or examiner has been

appointed in this chapter 11 case.

5.        The Debtor operates a hospital located in Owenton, Kentucky. As such, the Debtor is

a "health care business" as that term is defined in § 101(27A).

6.        Additional information regarding the Debtor's business, capital structure, the

circumstances leading to these chapter 11 filings, and business plan of the Debtor are contained in

the Bernard T. Poe Declaration filed on May 29, 2015 [DE 16].

**The Proposed Purchase**

7.     Over the past several weeks, the Debtor has experienced financial conditions that have impacted its ability to continue to operate its business.  These financial constraints include but are not limited to the departure of the three doctors that operated its rural health clinic (the "RHC"), which required the Debtor to cease operations at the RHC's location on October 2, 2015. The Debtor is now only performing limited clinic appointments at the Debtor's main hospital location. Without the operating revenue from the RHC and with declining revenues at its emergency room, the Debtor cannot continue its business beyond mid-November.

8.     Both before and during this bankruptcy case, the Debtor has marketed its assets for sale. Those negotiations have led to the submission of an offer to purchase substantially all of the Debtor's operating assets from St. Elizabeth Healthcare and HealthPoint Family Care, Inc. (collectively, the "Proposed Buyer").

9.     The Debtor and the Proposed Buyer have negotiated the Asset Purchase Agreement (the "APA") attached hereto as <u>Exhibit A</u> and will execute and tender a finalized version of the APA in a substantially similar form prior to the final hearing to consider this Motion (the "Sale Hearing"). The following description of the terms of the APA is intended solely to provide a brief overview thereof, and to highlight material terms and provisions.  In the event of any inconsistencies between this summary and the APA, the latter shall govern.  In addition, all capitalized terms not otherwise defined herein shall have the meanings given to them in the APA.

(a)     <u>The Assets.</u>  Subject to approval and the submission of any higher or better offers, the Debtor seeks approval of a sale on the terms of the APA.  Pursuant to the APA, the Proposed Buyer would acquire substantially all of the Debtor's operating assets (the "Assets"),[1] as set forth more fully in Section 1.A therein.

---

[1] The Proposed Buyer does not intend to purchase certain real property of the Debtor not directly used in the operation of the Debtor's business.

(b)      The Purchase Price.  As indicated in Section 2 of the APA, the purchase price for the Assets is $650,000 (the "Purchase Price"). As stated in the APA, up to $150,000 of that Purchase Price is payable to fund the Debtor's operations prior to closing, and the Proposed Buyer is entitled to an administrative claim to ensure repayment of that amount. Pursuant to Sections 3 and 4 of the APA, the Proposed Buyer will also pay the "Cure Amounts" necessary to allow the Debtor to assume and assign the Assumed Contracts and Leases to the Buyer, up to the amounts set forth on Schedule 1.A.(iv) of the APA, or as the Proposed Buyer and the non-debtor parties to those Contracts and Leases may otherwise agree, or as ultimately ordered by the Court. The Purchase Price set forth above includes payments necessary to fund the Cure Amounts.

(c)      Excluded Assets.  The APA specifically excludes the assets described more fully in Section 1.B and Schedule 1.B of and to the APA from purchase by the Proposed Buyer.

(d)      Assumption and Assignment of Certain Unexpired Leases and Executory Contracts.  The Debtor further seeks to assume and assign to the Proposed Buyer the executory contracts and unexpired leases set forth on Exhibit B hereto (the "Assumed Contracts and Leases").

(e)      Closing.  Section 8.A of the APA contemplates that closing of the proposed sale shall occur no later than November 30, 2015 (the "Closing Date").

10.     The Debtor believes that the APA and the sale to the Proposed Buyer represents the highest and best offer that the Debtor could obtain for its assets at this time**.  However, the Debtor is open to receiving competing offers for its assets, provided that those offers are accompanied by a substantially similar APA that contemplates a higher and better offer than presented by the Proposed Buyer, and provided that such offers are received by the Debtor and its undersigned bankruptcy counsel no later than 5:00 p.m. (ET) on November 12, 2015**.

## RELIEF REQUESTED

11.     By this Motion, the Debtor respectfully requests entry of an Order, pursuant to 11 U.S.C. §§ 105(a), 363(b), (f) and (m), 365, and 1107, Fed. R. Bankr. P. 6004 and 6006, KYEB LBR 2002-1(b) and 9014-1(c), and all other applicable law:  (a) authorizing the Debtor to sell substantially all of its Assets free and clear of liens, claims, interests and encumbrances; (b)

authorizing the Debtor to assume and assign the Assumed Contracts and Leases; (c) establishing

related cure amounts; (d) waiving the stay requirements of Fed. R. Bankr. P. 6004(h) and 6006(d);

(e) setting a final hearing on this requested relief; and (f) finding that service of the Motion and the

expedited hearing thereon is deemed sufficient and adequate notice under the circumstances and in

full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the

Local Bankruptcy Rules of this Court.

**BASIS FOR REQUESTED RELIEF**

**A.**     **The Proposed Sale Should be Approved.**

       **a.**     **The Proposed Sale is in the Best Interests of the Debtor and its Estate.**

       12.     Approval of the proposed sale of the Debtor's Assets is authorized and appropriate

under the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code empowers the Court to

allow a debtor in possession, "after notice and a hearing, [to] use, sell, or lease, other than in the

ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Where a debtor

believes in the exercise of its business judgment that such a use, sale, or lease of property of its

bankruptcy estate is in the best interests of the debtor and its estate, the debtor may enter into such a

transaction outside the ordinary course of business.  *See, e.g.*, *Stephens Industries, Inc. v. McClung*,

789 F.2d 386, 389 (6th Cir. 1986) (holding that "a bankruptcy court can authorize a sale of all of a

Chapter 11 debtor's assets under § 363(b)(1) when a sound business purpose dictates such action.")

(citing *The Comm. of Equity Sec. Holders v. The Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063

(2d Cir. 1983)); *see also In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)

(finding that, "for the debtor-in-possession to satisfy its fiduciary duty to the debtor, creditors and

equity holders, there must be some articulated business justification for . . . selling . . . the property outside the ordinary course of business.") (internal citations omitted).

13.     The Debtor has determined that a sale of substantially all of its assets is in the best interests of its Estate and creditors.  The Debtor has evaluated the terms, conditions, benefits and risks associated with the proposed sale of the Assets to the Proposed Buyer and will evaluate the same for any competing purchase offer that it receives in advance of the Sale Hearing.  In its sound business judgment, the Debtor has concluded that a sale of the Assets to the Proposed Buyer offers the most advantageous terms and greatest economic benefit to the Debtor and its Estate, subject to the potential for receiving higher and better offers prior to the Sale Hearing.

14.     The Debtor has further determined that the timing of the proposed sale is critical.  The Debtor has already lost the services of the doctors that staffed the RHC. Though the Debtor has made efforts to mitigate that issue, it anticipates that the loss of RHC income will significantly impact its ability to operate as a going concern.  The Debtor also is not aware of any party, other than the Proposed Buyer, who would provide the Debtor with operating funds.  In order to preserve its going-concern value for the benefit of all creditors, employees, and parties in interest, as well as to try and ensure continuity of care for its patients, the Debtor strongly believes that a sale of its assets at this time is an absolute necessity.  If the contemplated sale is not approved and does not close within the timeframe described herein, the Debtor is concerned that its Estate cannot financially bear the administrative burden of a continued and protracted sales process, which would be to the detriment of all interested parties.

   **b.**     **The Proposed Sale is in Good Faith.**

15.     The Debtor states that the proposed sale of the Assets to the Proposed Buyer is in good faith and, therefore, satisfies the requirements of 11 U.S.C. § 363(m).  The Debtor further states

that it will ensure that the sale of its assets pursuant to any competing offer that may be received

prior to the Sale Hearing will also satisfy the requirements of 11 U.S.C. § 363(m), and that it will

provide evidence of the same either in a pleading filed in the record of these cases or at the Sale

Hearing.  Section 363(m) provides that:

> The reversal or modification on appeal of an authorization under
> [Section 363(b) or (c)] of a sale or lease of property does not affect
> the validity of the sale or lease under such authorization to an entity
> that purchased or leased such property in good faith, whether or not
> such entity knew of the pendency of the appeal, unless such
> authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  "Though the bankruptcy code itself does not define the term 'good faith

purchaser,' courts have adopted the 'traditional equitable definition of a 'good faith purchaser,'

defined as 'one who purchases the assets for value, in good faith, and without notice of adverse

claims.'"  *In re Made in Detroit, Inc.*, 414 F.3d 576, 581 (6th Cir. 2005) (quoting *In re Rock Indus.*

*Mach. Corp.,* 572 F.2d 1195, 1197 (7th Cir.1978)).  In order "to be covered under the statutory

protection of § 363(m), [a purchaser] must demonstrate that it purchased the [p]roperty 'in good

faith' and that it did so 'for value.'"  *Id.* (quoting *In re Abbotts Dairies of Pennsylvania, Inc.,* 788

F.2d 143, 147 (3d Cir.1986)).

16.    The Debtor has been actively marketing its assets both before and after this

bankruptcy case was filed.  The Debtor has diligently evaluated the sale proposed herein and the

potential for any other higher and better offers for the sale of its assets.  Based on this knowledge, the

Debtor accepted the Proposed Buyer's offer in good faith and negotiated the terms of the APA at

arm's length, with all parties being represented by separate, experienced professionals who are

working to ensure that the proposed sale order is negotiated, proposed, and entered into in good faith.

The Debtor will complete this same good-faith process to the extent that any competing offers are

received prior to the Sale Hearing.  Accordingly, the Debtor requests that the Court make a finding

that the Proposed Buyer of the Assets is entitled to the protections of 11 U.S.C. § 363(m).  The

Debtor further requests that the Court find that any alternative buyer of its assets that may be

determined prior to the Sale Hearing be granted the protections of 11 U.S.C. § 363(m), to the extent

that their entitlement to such protections is demonstrated by any amendments and/or supplements to

this Motion and/or any arguments made by counsel at the Sale Hearing.

### c.    The Proposed Sale Satisfies the Requirements of 11 U.S.C § 363(f).

17.    Section 363(f) of the Bankruptcy Code authorizes the sale of property under

11 U.S.C. § 363(b) to be free and clear of interests in such property held by an entity if:

(a)    applicable non-bankruptcy law permits a sale of such property free
and clear of such interests;

(b)    such entity consents;

(c)    such interest is a lien and the price at which such property is to be
sold is greater than the aggregate value of all liens on such property;

(d)    such interest is in bona fide dispute; or

(e)    such entity could be compelled, in a legal or equitable proceeding, to
accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  A debtor need only satisfy one of the requirements set forth in 11 U.S.C.

§ 363(f) to justify approval of a sale free and clear of liens and interests.  *Mich. Employment Security*

*Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147 n.24 (6th Cir.

1991) (". . . the language of section 363(f) is disjunctive and the sale free and clear of the interest

concerned can occur if any one of the conditions of section 363(f) have been met . . . .") (internal

citation omitted); *see also In re Sumner Regional Health Sys., Inc.*, 2010 WL 2521081, *2 (Bankr.

M.D. Tenn.) (same).

18.     The Debtor believes that the requirements of 11 U.S.C. § 363(f) have been met with respect to the proposed sale of the Assets, and that the same will be met with any alternative sale that may be subsequently proposed sale if a higher and better offer is received prior to the Sale Hearing, because every interest in the Debtor's Assets fits or will fit within at least one of the Section 363(f) tests, and such interests will be adequately protected by attachment to the proceeds of the sale, subject to any claims and defenses that the Debtor and/or others may possess with respect thereto. Accordingly, the Debtor respectfully requests that the Court order that the proposed sale of the Assets to the Proposed Buyer be free and clear of all liens, claims, interests, and encumbrances.  The Debtor further requests that the Court order that the proposed sale of any of the Debtor's assets to any alternative buyer of its assets that may be determined prior to the final Sale Hearing be free of all liens, claims, and encumbrances, to the extent that a grant of such relief is supported by any amendments and/or supplements to this Motion and/or any arguments made by counsel at the Sale Hearing.

**B.      The Assumption and Assignment of Executory Contracts and Unexpired Leases is Appropriate and Satisfies the Requirements of the Bankruptcy Code.**

19.     The sale to the Proposed Buyer contemplates that the Debtor will assume the Assumed Contracts and Leases and assign same to the Proposed Buyer.  By this Motion, the Debtor seeks approval of its proposed assumption of the Assumed Contracts and Leases and assignment of same to the Proposed Buyer.  To the extent that the Debtor receives a competing offer for its assets prior to the Sale Hearing, the Debtor submits that the foregoing argument will support the assumption and assignments of any such executory contracts and unexpired leases to that alternative buyer, just as it supports the Debtor's proposed assumption and assignment of the Assumed Contracts and Leases to the Proposed Buyer.

a.    **Assumption of Executory Contracts and Unexpired Leases is Appropriate
under 11 U.S.C. § 365(a) and the Business Judgment Test.**

20.    Section 365(a) of the Bankruptcy Code provides in relevant part that a debtor in possession may, subject to the court's approval, "assume or reject any unexpired lease or executory contract of the debtor."  11 U.S.C. § 365(a).  While the statutory language itself provides little guidance as to the standards to be applied by a court in approving an assumption or rejection, "[c]ourts initially apply a 'business judgment' and 'benefit to the estate' test under § 365(a) to determine whether or not a debtor should be allowed to assume an executory contract [or unexpired lease]." *In re Greektown Holdings, L.L.C.*, 2009 WL 1653461, *1, Case No. 08-53104-wsd (Bankr. E.D. Mich. 2009) (citing *In re Beare Co.*, 177 B.R. 879, 882 (Bankr. W.D. Tenn. 1944)); *see also In re Structurlite Plastics Corp.*, 86 B.R. 922, 925 n.4 (Bankr S.D. Ohio 1988 ("In order to assume an executory contract [or unexpired lease] under § 365, a debtor must satisfy the 'business judgment' test– *i.e*, it must be established that assumption represents a sound business judgment on the part of the debtor.") (internal citations omitted)); 3 *Collier on Bankruptcy* ¶ 365.03[2] (15th ed. Rev. 2000) ("Under the Code, most courts have applied a 'business judgment' test to trustees' decisions to assume or reject contracts or leases.") (internal citations omitted).  "Whether an executory contract [or unexpired lease] is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . . [and] [c]ourts should generally defer to a debtor's decision whether to reject an executory contract [or unexpired lease]." *Phar-Mor, Inc. v. Stouss Bldg. Assoc.*, 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) (internal citations omitted).

21.    In these cases, a decision by Debtor to assume the Assumed Contracts and Leases will be an appropriate exercise of its business judgment and complies with the requirements of 11 U.S.C. § 365.  Assuming such Contracts and Leases will provide substantial benefit to both the Debtor's

Estate and the affected non-debtor parties to those Contracts and Leases.  The Debtor will receive value for those Contracts and Leases as part of the overall Purchase Price, and the non-debtor parties will receive value by the Proposed Buyer's payment of their Cure Amounts and satisfaction of all applicable contract and lease terms for the remaining lives of the contracts and leases.

**b.    The Proposed Cure of Defaults under the Executory Contracts and Unexpired Leases Satisfies the Requirements of 11 U.S.C. § 365(b).**

22.    In addition to satisfying the business judgment test, 11 U.S.C. § 365(b)(1) requires that the Debtor must do the following before it can assume any contracts or leases, to the extent that it has not already done so:  (a) cure contractual defaults; (b) compensate the non-debtor parties to the contracts and leases for any actual pecuniary loss resulting from default; and (c) provide adequate assurance of future performance.  The Debtor believes that the only existing defaults under any of the Assumed Contracts and Leases are monetary, and that the Proposed Buyer or any alternative buyer would substantially cure those defaults by paying the non-debtor Contract and Lease parties up to the "Cure Amounts" due or as such proposed buyer may otherwise negotiate with those parties.  To that end, the Debtor respectfully requests that the Court order that the Cure Amounts as set forth in the APA, or such other amounts to which the Debtor, the Proposed Buyer and/or any alternative buyer, and the non-debtor Contract and Lease parties may mutually agree prior to the Sale Hearing, be approved as constituting full cure of the Debtor's defaults under the Contracts and Leases.  Furthermore, as any proposed buyer will provide the Contract and Leases parties with adequate assurance of its future performance under the Contracts and Leases (as described below), the Debtor requests that the Court find that the requirements of 11 U.S.C. § 365(b)(1) are satisfied and authorize the Debtors to assume the Assumed Contracts and Leases.

**c.    Assignment of the Executory Contracts and Unexpired Leases Satisfies the Requirements of 11 U.S.C. § 365(f).**

23.     By this Motion, the Debtor seeks not only to assume the Assumed Contracts and Leases, but also to assign those Contracts and Leases to the Proposed Buyer or any alternative buyer whose purchase offer is received prior to the Sale Hearing.   Sections 365(f)(1) and (2) of the Bankruptcy Code address assumption of executory contracts and unexpired leases and provide, in relevant part, that the Debtor can assign the Assumed Contracts and Leases if it first assumes the Contracts and Leases in accordance with 11 U.S.C. § 365 and also provides adequate assurance of the Proposed Buyer's future performance under the same.   11 U.S.C. §§ 365(f)(1)-(2).  "Congress intended that the words 'adequate assurance' be given a practical, pragmatic construction, and is to be determined under the facts of each particular case."  *In re Bygaph*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986) (citation omitted).  "The bankruptcy code generally favors the free assignability of the debtor's unexpired leases [and executory contracts] . . . in order to maximize the value of the debtor's estate."  *Weingarten Nostat, Inc. v. Service Merchandise Co., Inc.*, 396 F.3d 737, 742 (6th Cir. 2005) (citing *LRSC Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers)*, 209 F.3d 291, 299 (3d. Cir. 2000)).  Adequate assurance should ensure that the other party to the contract or lease "gets the benefit of the bargain for which he has contracted . . . . But he is not entitled to greater rights than are given by the lease [or contract]."  *Chera v. 991 Bouelvard Realty Corp, et al. (Matter of National Shoes, Inc., et al.)*, 20 B.R. 55, 59 (Bankr. S.D.N.Y. 1982) (citing *In re Lafayette Radio Electronics Corp.*, 9 B.R. 993 (Bankr. E.D.N.Y. 1981)).

24.     The Debtor believes that the Assumed Contracts and Leases can properly be assigned under 11 U.S.C. §§ 365(f)(1) and (2).  For the reasons set forth above, the Debtor's assumption of the Contracts and Leases complies with the requirements of 11 U.S.C. §§ 365(a) and (b).  The Debtor's assignment of the Contracts and Leases similarly complies with the requirements of 11

U.S.C. § 365(f)(2).  The Debtors understand that the Proposed Buyer will attempt to work directly with the non-debtor parties to the Contracts and Leases between now and the Sale Hearing to ensure that those parties are adequately assured that the Proposed Buyer will fully perform its contractual obligations in the future.  The Debtor and the Proposed Buyer will be prepared to proffer evidence with respect to such assurances at the Sale Hearing.  Accordingly, the Debtor submits that it has established, or will establish at the Sale Hearing, that the proposed assignment of the Assumed Contracts and Leases satisfies the requirements of 11 U.S.C. § 365(f) and should, therefore, be approved.  The Debtor further requests that all non-debtor parties to the Assumed Contracts and Leases who do not timely file a written objection to this Motion by the Sale Hearing be deemed to have consented to the assignment of their respective Contracts and/or Leases with the Debtor.

**C.     Waiver of Bankruptcy Rules 6004(h) and 6006(d) is Warranted.**

25.     Fed. R. Bankr. P. 6004(h) provides that "[a]n order authorizing the sale, use or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6006(d) similarly provides that "[a]n order authorizing the trustee [or the debtor in possession] to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons set forth above, time is of the essence, and it is imperative that the proposed sale of the Debtor's assets be completed as soon as possible.  Accordingly, the Debtor requests that the Court waive the 14-day stays of any order authorizing the proposed sale of the Debtor's Assets and assumption and assignment of executory contracts and unexpired leases.

**D.     Notice of Motion**

26.     The Debtor will promptly serve this Motion and notice of the hearing thereon to the Debtor, the United States Trustee, counsel for the Official Committee of Unsecured Creditors, all

creditors and parties in interest in this case (including the Debtor's employees), all counterparties to the Assumed Contracts and Leases, and all parties that may have an interest in the purchase of the Debtor's assets, and will promptly file a certificate of service evidencing same.

27.    The Debtor requests that service of notice on the parties stated above in the form and manner described herein be deemed adequate and appropriate under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of this Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court, at the conclusion of the Sale Hearing on this Motion, enter an order substantially in the form to be tendered prior to the hearing of this Motion: (a) authorizing the Debtor to sell substantially all of its Assets free and clear of liens, claims, interests, and encumbrances; (b) authorizing the Debtor to assume and assign the Assumed Contracts and Leases; (c) establishing related cure amounts; (d) waiving the stay requirements of Fed. R. Bankr. P. 6004(h) and 6006(d); (e) finding that service of the Motion and the expedited hearing thereon in the manner and on the parties set forth herein and on the Certificate of Service of this Motion that the Debtor shall file in the record is deemed sufficient and adequate notice under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court; and (f) granting the Debtor such other and further relief as the Court may deem just and proper.

## NOTICE AND OPPORTUNITY TO OBJECT

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Second Floor, Lexington, Kentucky, on November 19, 2015, at the hour of 10:00 am (ET), or as soon thereafter as

counsel may be heard.  Any objections to the foregoing shall be in writing and served on the Debtor

and the undersigned counsel.

Respectfully Submitted,

**DINSMORE & SHOHL LLP**

/s/  *Ellen Arvin Kennedy*

Ellen Arvin Kennedy, Esq.
John M. Spires, Esq.
250 W. Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
ellen.kennedy@dinsmore.com

**COUNSEL FOR DEBTOR AND
DEBTOR-IN-POSSESSION**

9939940v3