**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

| | |
|---|---|
| **In re:**<br>**New Horizons Health Systems, Inc.**<br>**d/b/a New Horizons Medical Center**<br>**d/b/a New Horizons Family Practice**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 15-30235 (GRS)** |

**DEBTOR'S SECOND MOTION FOR AN ORDER PURSUANT TO 11
U.S.C. § 1121(d) EXTENDING EXCLUSIVE PERIODS IN WHICH
TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, hereby seeks the entry of an order, pursuant to 11 U.S.C. §1121(d), (i) Extending the Debtor's Exclusive Period in which to File a Chapter 11 Plan (the "Exclusive Filing Period") until Monday, January 25, 2016, and (ii) Extending the Period During which the Debtor has the Exclusive Right to Solicit Acceptances thereon (the "Exclusive Solicitation Period," and collectively with the Exclusive Filing Period, the "Exclusivity Periods"), until Friday, March 25, 2016 (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory predicate for the relief sought herein is 11 U.S.C. §1121(d).

## BACKGROUND

2. The Debtor commenced this case by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 29, 2015 (the "Commencement Date"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its affairs as a debtor in possession. As of the date hereof, no trustee or examiner has been appointed in this chapter 11 case.

3. On July 16, 2015, the United States Trustee for the Eastern District of Kentucky (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").

4. The Debtor operates a hospital located in Owenton, Kentucky. As such, the Debtor is a "health care business" as that term is defined in § 101(27A).

5. Additional information regarding the Debtor's business, capital structure, the circumstances leading to these chapter 11 filings, and business plan of the Debtor are contained in the Bernard T. Poe Declaration filed on May 29, 2015 [DE 16].

6. This Court granted the Debtor's previous request for an extension of the Exclusivity Periods on September 14, 2015 [DE 114].

7. On October 29, 2015, the Debtor filed a Motion for entry of an Order Authorizing the Sale of Substantially All of the Debtor's Assets [DE 135] (the "Sale Motion").

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks an additional extension of the Exclusive Filing Period for 61 days from Wednesday, November 25, 2015, through and including Monday, January 25, 2016. The Debtor also seeks an additional extension of the Exclusive Solicitation Period within which the Debtor maintains the exclusive right to solicit votes on such a plan for 60 days from Monday, January 25, 2016 through and including Friday, March 25, 2016.

9. The Debtor seeks these additional extensions to allow time for the Debtor, its estate and its creditors to complete an orderly sale process, to assess the status of the estate following the sale and determine if the Debtor has other assets that could generate value, to negotiate with the other parties in interest, and to move forward with what the Debtor hopes will be an agreed-upon plan. Pursuant to the terms of the Sale Motion and the asset purchase agreement attached thereto, it is unlikely that the sale of the Debtor's assets will close before the end of the current Exclusive Filing Period. The requested extensions are reasonable given the Debtor's progress to date and the current posture of this case. The Debtor is not seeking this extension to delay the process for some speculative event or to pressure creditors to accede to a plan that is unsatisfactory to them. Indeed, the Debtor is pursuing an orderly sale in an effort to maximize the recovery to its creditors.

10. Pursuant to section 1121 of the Bankruptcy Code, the Debtor has the exclusive right (i) to file a plan of reorganization or liquidation for 120 days after entry of an order for relief; and (ii) to solicit acceptances to that plan for 180 days after entry of an order for relief. Subsection (d) of § 1121 further provides that upon request, the Court may, for cause, extend these periods.

11. This Court has the authority to extend, after notice and hearing, the Exclusivity Periods to file a plan and solicit acceptances "for cause." 11 U.S.C. § 1121(d). In re Service Merchandise Company, Inc. et al., 256 B.R. 744, 751 (Bankr. M.D. Tenn 2000) (citing In re All Seasons Industries, Inc., 121 B.R. 1002 (Bankr. N.D. Ind. 1990)). Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement" with creditors and other parties-in-interests. See In re Newark Airport Hotel, Ltd. Partnership, 156 B.R. 444, 451 (Bankr. D.N.J.

1993); In re Public Serv. Co. of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent … [is] to promote maximum flexibility.").

12. The "for cause" standard in determining an exclusivity extension "leave[s] the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings." In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Accordingly, it is left to a court's discretion to determine whether a debtor has met its burden to affirmatively show cause why the extension should be granted. As described above, the Debtor has shown that sufficient cause exists for the Court to extend its Exclusivity Periods for an additional 60 days.

13. In determining whether cause exists for an extension of a debtor's exclusivity periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for extending the periods. These factors include (a) the size and complexity of the case, (b) the necessity of sufficient time to negotiate and prepare adequate information, (c) the existence of good faith progress towards reorganization, (d) whether the debtor is paying its debts as they become due, (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (f) whether the debtor has made progress negotiating with creditors, (g) the length of time the case has been pending, (h) whether the debtor is seeking an extension to pressure creditors, and (i) whether unresolved contingencies exist. Service Merchandise, 256 B.R. at 751. However, a court "is not required to apply any particular set of factors or number of factors, in every case." Official Comm. of Unsecured Creditors v. Elder Beerman, 1997 U.S. Dist. LEXIS 23785, at *13 (S.D. Ohio 1997). The Debtor submits that the Exclusivity Periods should be extended based upon the factors set forth above.

14. First, while the amount of assets and liabilities in this case is not large, the Debtor operates a "health care facility," which has required the Debtor to address issues including but not limited to securing of new insurance, ER staffing, departures of the physicians at its Rural Health Clinic ("RHC"), and the relocation of RHC services.

15. Regarding factors (b) and (c) above, the Debtor primarily requires an extension of the Exclusivity Periods to complete the sale of its assets. The Debtor has filed the Sale Motion and expects that the sale will be completed in the coming weeks. The Debtor needs additional time to complete such a sale and to fully assess the status of the estate following the sale.

16. Also, the Debtor is generally paying its debts as they come due. Although the Debtor has suffered a loss in revenue from the closure of the RHC and will need to consummate a sale in short order, it is continuing to pay its bills as reflected in the most recent Monthly Operating Report. [DE 139].

17. The Debtor also believes it has reasonable prospects for filing a confirmable plan, once it closes on the sale of its assets.

18. Further, the Debtor has made progress negotiating with its creditors and is not seeking this extension to pressure them. The Debtor needs additional time following the sale to continue negotiations with its creditors and determine whether it has other property that could be used to generate value for creditors.

19. Finally, this case has only been pending since the end of May 2015, less than six months. The Debtor is hoping to conclude it as quickly as possible, but submits that a brief extension of time is justified under the circumstances. 11 U.S.C. § 1121(d) permits the Court to extend the 120-day period as long as the deadline is not extended beyond a date that is eighteen

months after the date of the order for relief. Debtor's request for an additional sixty days is well under this timeframe.

20. Accordingly, granting the extension of the Exclusivity Periods requested by the Debtor is reasonable and appropriate under the circumstances of this case.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted herewith, (a) granting an extension of the Exclusive Filing Period for 61 days from Wednesday, November 25, 2015, through and including Monday, January 25, 2016; (b) granting an extension of the Exclusive Solicitation Period for 60 days from Monday, January 25, 2016 through and including Friday, March 25, 2016, and (c) granting such further relief as this Court deems equitable and just.

## NOTICE AND OPPORTUNITY

Notice is hereby given that the parties have until fourteen (14) days from the date of the Certificate of Service to file an objection to this Motion. If no objection is timely filed, an Order approving the Motion may be entered without a hearing on the Motion. If an objection is timely filed, the objecting party shall notice said objection for hearing for the Court's next available hearing date.

Respectfully Submitted,

**DINSMORE & SHOHL LLP**

/s/  *Ellen Arvin Kennedy*
Ellen Arvin Kennedy, Esq.
John M. Spires, Esq.
250 W. Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
ellen.kennedy@dinsmore.com

**COUNSEL FOR DEBTOR AND
DEBTOR-IN-POSSESSION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served this the 5th day of November 2015, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures all parties having entered an appearance in this case, and to all parties on the Master Service List.

>                        */s/ Ellen Arvin Kennedy*
>                        **ATTORNEY FOR DEBTOR AND**
>                        **DEBTOR IN POSSESSION**

9994355v1