**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**Frankfort Division**

IN RE:

| | |
|---|---|
| In re: | |
| **New Horizons Health Systems, Inc.** | CASE NO. 15-30235 |
| d/b/a New Horizons Medical Center | (GRS) |
| d/b/a New Horizons Family Practice | CHAPTER 11 |
| DEBTOR. | |

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(A) AUTHORIZING SALE OF SUBSTANTIALLY ALL ASSETS
FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO
11 U.S.C. §§ 363(b) AND (f); (B) AUTHORIZING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES PURSUANT TO
11 U.S.C. § 365; AND (C) ESTABLISHING CURE AMOUNTS**

Comes now Triad Health Systems, Inc. ("Triad"), an interested party, and makes this Objection To Debtor's Motion For The Entry Of An Order (A) Authorizing Sale Of Substantially All Assets Free And Clear Of Liens And Encumbrances Pursuant To 11 U.S.C. §§ 363(b) And (f); (B) Authorizing the Assumption and Assignment Of Certain Executory Contracts And Unexpired Leases; And (C) Establishing Cure Amounts (Docket No. 135) ("Motion"), as follows:

1.  Triad objects to the Motion and accompanying documentation because they do not provide sufficient information to allow competing bidders to make proposals on a fully informed basis, thereby placing competing bidders at an unfair disadvantage, to the detriment of the Debtor's estate and creditors.

2.  Triad is a healthcare organization providing primary care to underserved populations in Gallatin, Carroll, and Owen Counties in Kentucky. Triad has operated a Rural Health Clinic in Warsaw, Kentucky since approximately 2008. Triad has recently been awarded a substantial HRSA grant that is specifically related to the expansion of its service area in Owen County. Triad opened a staffed primary care clinic facility in Owen County on November 2, 2015.

1

Triad continues to develop its business plan to expand its Owen County facilities, staffing, and services. In that context, Triad has monitored and reviewed the proceedings in this case.

3. Triad is making a competing proposal to purchase certain assets that are the subject of the "stalking horse" proposal set forth in the Motion and accompanying Asset Purchase Agreement tendered by St. Elizabeth Healthcare and Healthpoint Family Care, Inc. (Docket No. 135-1, hereinafter "APA"). Triad proposes to purchase assets including the assets used by the Debtor to operate the primary care clinic known as New Horizons Family Practice, including but not limited to taking an assignment of the Family Practice clinic lease with Golden Scepter, LLC and purchasing the equipment and patient records of the Family Practice clinic.

4. Triad's competing proposal should not depend on the approval of USDA Rural Development, because, upon information and belief, USDA Rural Development does not have a lien on the leasehold or the other Family Practice clinic assets.

5. The Motion and APA allocate $100,000.00 of the bid amount to cure the default of the Golden Scepter lease pertaining to the Family Practice clinic premises, but do not state what actual cure amount Golden Scepter may be entitled to claim. The Motion and APA provide that Healthpoint will contribute $50,000.00 to the total purchase price. Under section (I)(B) of the APA, the purchased assets to be delivered to Healthpoint are to include "All of Seller's equipment, machinery and furnishings used in the Clinic and more specifically described on Schedule 1.B.(ii) (the "Clinic Equipment");" however, Schedule 1.B.(ii) to the APA is blank and the Clinic Equipment is not specifically identified or inventoried.

6. The Clinic Equipment or Clinic Assets are not expressly allocated a value equivalent to Healthpoint's $50,000.00 contribution, or any other specific value, in the APA. While it appears that the assumed Golden Scepter lease would be assigned to Healthpoint if the Motion were granted and the transaction were closed, that is not expressly stated in the APA.

7.     The omission of any specific description of the Clinic Equipment leaves Triad to guess as to what equipment is included or excluded.  There is a list of Family Practice equipment at Schedule B-28, pages 15-16 (Docket No. 57), but the Motion and APA do not clarify whether this is an accurate inventory of the current "Clinic Equipment" that the Motion and APA refer to.

8.     Moreover, although section (I)(A)(6) of the APA describing the "Business Assets" to be delivered to St. Elizabeth refers to "medical records of the patients serviced by the Business and in Seller's possession," section (I)(B) describing the "Clinic Assets" does not expressly include the medical records of the Family Practice clinic patients.  Accordingly, it is unclear whether the Clinic Assets include the patient records of clinic patients, as distinct from the records of hospital patients that are expressly included in the Business Assets.  Triad is interested in obtaining the clinic patient records in conjunction with its proposal to purchase the Clinic Assets, but is faced with a difficult task in valuing the Clinic Assets, not knowing whether they include patient records.

9.     Based on the incomplete and fragmentary information provided in the Motion and APA, Triad is at a disadvantage in formulating a competing proposal or bid for the clinic assets. Triad sought clarification from Debtor's counsel as to certain questions, including but not limited to the assets included in the Clinic Assets and Clinic Equipment and the status of clinic patient records, but has not received substantive response to its inquiries.  Given that the deadline to submit competing proposals is November 12, 2015, Triad makes this Objection in an abundance of caution.  Triad is making a competing proposal based on certain assumptions, but its proposal will necessarily be subject to certain conditions and reservations because of the incomplete information and open questions left by the Motion and APA.

10.    The lack of information in the Motion and APA places Triad and other potential bidders at a disadvantage in evaluating how much they may be willing to offer for the Debtor's assets.  Deficient information discourages competing bids.  Fewer competing bids makes it less

3

likely that the assets will bring the highest and best sale price, to the detriment of the bankruptcy estate and creditors.

For the foregoing reasons, the Motion should be denied unless the Motion and APA are timely supplemented with definitive information regarding all pertinent issues, including but not limited to the Golden Scepter cure amount, an accurate inventory of the Clinic Equipment, and clarification regarding inclusion of clinic patient records in the Clinic Assets.

                Respectfully submitted,

By:   */s/ Douglas T. Logsdon*
       Douglas T. Logsdon
       MCBRAYER, MCGINNIS, LESLIE &
       KIRKLAND, PLLC
       201 East Main Street, Suite 900
       Lexington, Kentucky 40507
       Telephone: (859) 231.8780
       Facsimile:  (859) 281.1552
       Email: dlogson@mmlk.com
**ATTORNEYS FOR TRIAD HEALTH SYSTEMS, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of November, 2015, a true and correct copy of the foregoing document was served via the Court's ECF notification system,

        */s/ Douglas T. Logsdon*
        Douglas T. Logsdon