IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| In re:<br>**New Horizons Health Systems, Inc.**<br>**d/b/a New Horizons Medical Center**<br>**d/b/a New Horizons Family Practice**<br><br>**Debtor.** | Chapter 11<br><br>Case No. 15-30235 (GRS) |

## OBJECTION OF THE UNITED STATES
## TO DEBTOR'S SALE MOTION

Comes the United States, Department of Agriculture, Rural Development ("Rural Development"), by and through the undersigned counsel and makes this objection to Debtor's Motion for an Order (A) Authorizing Sale of Substantially All Assets Free and Clear of Liens and Encumbrances Pursuant To 11 U.S.C. §§ 363(B) and (F); (B) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Pursuant To 11 U.S.C. § 365; And (C) Establishing Cure Amounts [D.E. 135]. The United States objects on the following grounds:

1. The proposed sale is not in the best interests of the Estate or its Creditors. The United States estimates that real property and personal property owned by the Debtor (and contemplated by Debtor's sale motion) is sufficiently valuable to fully secure the liens of the United States (and allow for substantial payments to other creditors). This estimation comports with Debtor's bankruptcy schedules which value Debtor's real

property at over $5.5 million and Debtor's personal property at over $2 million. *See generally* D.E. 85 at Page 1. It is difficult to see how the proposed sale of substantially all assets (valued at approximately $7.5 million) of the Debtor for $650,000 is in the best interests of the Debtor's estate and Creditors, when such a sale price constitutes less than 10% of the Debtor's own valuation of its assets. There has been no indication of any material change in conditions that would support a valuation of Debtor's assets consistent with the proposed $650,000 sale amount. Therefore, USDA, Rural Development objects as the proposed sale is not in the best interests of the Estate or Creditors.

    2. The proposed sale does not meet the requirements 11 U.S.C. § 363(f) with regards to USDA, Rural Development. Debtor asserts generally that the proposed sale will satisfy at least one subsection of § 363(f) with respect to all interests held by creditors. However, at this point it does not appear that any of the § 363 subsections are satisfied with regards to Rural Development: applicable non-bankruptcy law does not permit a sale free and clear of Rural Development's interest; Rural Development does not consent to the sale; the price of the sale is not greater than the aggregate value of all liens on the property; the interest of Rural Development is not in dispute; and Rural Development could not be compelled in a legal or equitable proceeding to receive somewhere less than $400,000 to be applied towards its fully secured claim of approximately $4.5 million. Therefore USDA, Rural Development objects as the Debtor has not demonstrated, and cannot demonstrate, that the requirements of 11 U.S.C. § 363(f) are satisfied with respect to Rural Development.

3. Additionally, the Proposed Asset Purchase Agreement ("APA") is unclear regarding what will be sold. The APA defines the real property to be sold as the "Premises," which are described therein as "322, 326, 329, and 330 Roland Avenue, Owenton, KY 40359." *See* D.E. 135-1 at 1 and 6 (providing for the delivery of a General Warranty Deed for the "Premises"). The Sale Motion, however, provides that 322 Rowland Avenue and 326 Rowland Avenue will be "Excluded Assets." *Id*. at 4, and D.E. 135-1, Schedule "C." Thus, it is unclear from the Sale Motion and the APA as to whether 322 Rowland Avenue and 326 Rowland Avenue will be sold pursuant to the APA. As the proposed APA is unclear, the United States objects to the proposed sale until such discrepancies have been clarified.

WHEREFORE, the United States, Department of Agriculture, Rural Development objects to the Debtor's Sale Motion and requests that said motion be denied.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

By: /s/ *Brandon L. Fyffe*
Brandon L. Fyffe
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, Kentucky 40507-1671
(859) 685-4923
Brandon.Fyffe@usdoj.gov

3

## CERTIFICATE OF SERVICE

    I certify that I electronically filed this document with the clerk of the court by using the CM/ECF system. That system will cause a copy to be made available to the parties in that system including the trustee, counsel for the debtor, and counsel for creditors.

On this the 18th day of November, 2015.

                                          /s/ *Brandon L. Fyffe*
                                          Brandon L. Fyffe
                                          Assistant United States Attorney