UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | | |
|---|---|---|
| In re: New Horizons Health Systems, Inc. | ) | Case No. 15-30235-grs |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |
| | ) | Judge Gregory R. Schaaf |

## SAINT ELIZABETH MEDICAL CENTER, INC.'S RESPONSE TO THE OBJECTION OF TRIAD HEALTH SYSTEMS, INC.

Comes now Saint Elizabeth Medical Center, Inc. ("St. Elizabeth"), by and through counsel, and for its Response to the Objection of Triad Health Systems, Inc. ("Triad"), states as follows:

## INTRODUCTION

New Horizons Health Systems, Inc. ("New Horizons") commenced this voluntary Chapter 11 bankruptcy action herein on May 29, 2015. Both prior to and subsequent to the commencement of this action, New Horizons marketed its assets and solicited bids from potential purchasers. In response to this solicitation, St. Elizabeth and HealthPoint Family Care, Inc. ("HealthPoint") submitted a joint offer to purchase substantially all of New Horizons' assets for the price of $650,000. Following a period of negotiation, an agreement was reached whereby St. Elizabeth would acquire the assets of New Horizons' hospital and assume the lease on the Family Practice clinic, and HealthPoint would acquire the assets of said clinic. New Horizons subsequently filed a Motion seeking the Court's approval of this sale.

Triad, a self-described "interested party" by virtue of being a potential competing bidder, filed an Objection to New Horizons' Motion. Triad takes issue with the proposed Asset Purchase Agreement, suggesting that it does not provide sufficient information for

Triad to formulate its own competing bid for the assets of the clinic. Triad simply fails to recognize that it is in no position to complain about New Horizons' decision to seek approval of the proposed sale.

## ARGUMENT

**I.    As Merely A Competing Bidder, Triad Lacks Standing to Object to New Horizons' Section 363(b)(1) Motion to Approve the Proposed Sale**

The United States Court of Appeals for the Sixth Circuit has recognized the general rule that "[f]rustrated bidders do not have standing to object to the sale of property." *In re Squire*, 282 Fed.Appx. 413, 416 (6th Cir. 2008) (citing *In re Planned Sys., Inc.*, 82 B.R. 919, 922 (Bankr. S.D. Ohio 1988)). In the *Planned Systems* case, two parties had submitted competing offers for the purchase of the debtor-in-possession's property. *Planned Systems*, 82 B.R. at 921. Although a winning bid was accepted, the competing bidder subsequently offered an even higher price. *Id.* When the debtor-in-possession moved for approval of the sale in accordance with the first accepted bid, the competing bidder objected on the ground that sale at the lower price would not be in the best interest of the bankruptcy estate. *Id.* at 922.

The Southern District of Ohio expressly adopted the reasoning of other federal courts that had considered whether a losing bidder has the right to complain about the accepted bid:

> The statutes and rules governing sale by trustees appear to be designed to protect the estate, not potential purchasers. ... The Court finds nothing to indicate that prospective purchasers are within the zone of interests intended to be protected through this statutory scheme. The purposes of

2

>these statutes would be hindered, not furthered, by permitting a stranger to
>the estate to object to a sale to which no party in interest objected.

*Id.* (quoting *In re Nepsco, Inc.*, 36 B.R. 25, 26-27 (Bankr. D.Me. 1983)) (internal citations and quotations omitted). The Court held that while competing bids may be considered in determining whether the proposed sale is in the best interest of the estate, a competing bidder nevertheless lacks standing to object to the debtor-in-possession's motion to sell property pursuant to 11 U.S.C. § 363(b).[1] *Id.* at 922-23.

The only exception to the general rule set forth in *Planned Systems* and approved in *Squire* is "where an unsuccessful bidder challenges the intrinsic structure of the sale because it is tainted by fraud, mistake, or unfairness." *In re Moran*, 566 F.3d 676, 681 (6th Cir. 2009). However, even when fraud is alleged, a competing bidder is precluded from taking advantage of the exception because the "bare interest as a potential purchaser is not protected by" Section 363 of the Bankruptcy Code. *Id.* at 682.

In the case *sub judice*, Triad has made no allegations that the proposed sale was procured by fraud, mistake, or unfairness. To be certain, Triad is nothing more than a competing but disappointed prospective purchaser. Triad had the opportunity to make a competing offer to New Horizons. The joint offer from St. Elizabeth and HealthPoint was

---

[1] The Sixth Circuit has held that competing bidders also lack standing to appeal the bankruptcy court's approval of such a motion for the essentially the same reason: the frustrated bidder does not have a legally protected interest in the property. *Squire*, 282 Fed.Appx. at 416; *In re Moran*, 566 F.3d 676, 680-82 (6th Cir. 2009).

3

accepted by New Horizons.  As set forth in the above authority, Triad lacks standing to object to the proposed sale to St. Elizabeth and HealthPoint.

## CONCLUSION

Based upon the foregoing, the Court should disregard Triad's Objection due to a lack of standing.  St. Elizabeth respectfully requests that this Court grant New Horizon's motion in its entirety and approve the proposed sale.  As set forth in that motion, the proposed sale is in the best interest of the bankruptcy estate and New Horizons' creditors.

Respectfully submitted,

*/s/ Elizabeth Graham Weber*
Elizabeth Graham Weber (81575)
Dressman Benzinger LaVelle psc
207 Thomas More Parkway
Crestview Hills, KY  41017
Phone:  (859) 341-1881
Fax:  (859) 341-1469
E-mail:  bweber@dbllaw.com

### CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Response was served on and all parties participating in the Court's CM/ECF notification system this 18th day of November, 2015.

*/s/ Elizabeth Graham Weber*
Elizabeth Graham Weber

494937v1